# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHON HENRY GUEVARA ALVARADO,<br>Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, WARDEN, et al.,<br>Respondents. | Case No.: 26-cv-6213-LL-BJW<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>**[ECF No. 7]** |

Petitioner, Jhon Henry Guevara Alvarado, is a detainee in the custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement. Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Petitioner is a noncitizen who claims that his detention is unlawful. *Id.* He seeks a writ of habeas corpus directing Respondents to release him or provide him with a bond hearing. *Id.*

Upon the Court's receipt of the Petition, filed by Petitioner pro se, the Court conditionally appointed counsel and set a briefing schedule. ECF No. 3. The Court set a deadline for Amended Pleadings and for the Government to respond to the Amended Petition. *Id.* On November 4, 2026, Kara Lee Hartzler from the Federal Defenders of San Diego, Inc. appeared as counsel for Petitioner in this case. ECF No. 4. Petitioner filed an

Amended Petition on November 12, 2026 and a Return was filed on November 20, 2026. ECF Nos. 5, 6. On the same day that the Government filed the Return, they also filed an Ex Parte Motion to Vacate the Order to Show Cause vacating the Stay of Transfer/Removal because the Government is ready to effectuate Petitioner's removal to Venezuela. ECF Nos. 7, 6-1 (Decl. of Leticia Rodriguez).

Based on the Court's review of the Petition and Return, it is undisputed that Petitioner is currently detained subject to a final order of removal. ECF No. 1 at 2; *see* Return at 2. The basis for the relief sought by Petitioner is pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 5. Petitioner argues that he must be released from immigration custody (or get a bond hearing) because there is no significant likelihood that he can be removed in the reasonably foreseeable future. *Id.* The Government filed a Return and includes the Declaration of Leticia Rodriguez, who is an ICE and Enforcement and Removal Operations ("ERO"). ECF Nos. 6, 6-1. The Government's supporting Declaration states:

> ICE intended to include Petitioner on a flight manifest [to Venezuela] that was scheduled to depart on November 18, 2026. ICE did not include Petitioner on that flight due to the Court's stay order. . . . At this time, ICE is awaiting further order from this Court. If Petitioner is denied relief, ICE will resume its removal efforts and work diligently to effectuate Petitioner's removal to Venezuela, which will only require that a flight be scheduled and his removal can be effectuated promptly.

ECF No. 6-1 ¶¶ 14-16.

To the extent that Petitioner contends that pursuant to the Supreme Court's decision in *Zadvydas*, he must be released from immigration custody (or get a bond hearing) because there is no significant likelihood that he can be removed in the reasonably foreseeable future, this argument fails. Here, the Government has provided a Declaration describing efforts by ICE to effect Petitioner's removal to Venezuela, and upon this Court's ruling on the instant Petition, Petitioner's removal flight will be scheduled. Based on the record before the Court, the Court is not persuaded that Petitioner has rebutted the presumption that his detention pending removal is reasonable.

Accordingly, the Court **DENIES** the Petition without prejudice. The Clerk of Court is directed to close this case.

Dated: November 23, 2026

Honorable Linda Lopez
United States District Judge